UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANVEER SINGH,

       Petitioner,

    v.

MINGA WOFFORD et al.,

       Respondents.

No.  1:26-cv-01169-DAD-JDP

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS*

(Doc. No. 1)

On February 10, 2026, petitioner filed a petition for writ of *habeas corpus*.  (Doc. No. 1.) On February 17, 2026, the court issued an order granting petitioner's motion for temporary restraining order in which respondents were directed to provide petitioner with a bond hearing. (Doc. No. 7.)  On February 27, 2026, respondents filed a status report in which they indicated that petitioner was provided with a bond hearing before an immigration judge and was ultimately released from respondents' custody.  (Doc. No. 8.)  On March 3, 2026, respondents filed another status report indicating that the parties have conferred and "submit on all prior briefings and request that the Court rule on the petition for habeas corpus relief directly."  (Doc. No. 9.)

Petitioner entered the United States on or about June 20, 2024.  (Doc. No. ¶ 1.)  He was subsequently released from custody by immigration authorities and placed into an intensive supervision program that required him to submit weekly SmartLINK photo uploads, attend monthly in-person office visits, and participate in monthly video check-ins.  (*Id.*)  On or about

1

September 28, 2025, petitioner was arrested for theft and other unspecified misdemeanor offenses. (*Id.* at ¶ 4.) On December 1, 2025, all criminal charges against petitioner were dismissed. (*Id.*) On November 25, 2025, petitioner appeared at the San Jose, California Immigration and Customs Enforcement ("ICE") office at the direction of ICE officials where he was re-detained due to his misdemeanor arrest without prior notice or hearing. (*Id.* at ¶ 6.)

In granting petitioner's motion for temporary restraining order, the court first concluded that petitioner was not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because his theft charges were dismissed. (Doc. No. 7) (citing *Rueda Torres v. Francis*, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) ("Similarly, detention remains mandatory if charges are filed, but it is no longer required if charges are dropped or if a person is acquitted.")); *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *5-6 (S.D. Iowa Sept. 30, 2025) (finding that the petitioner was not subject to mandatory detention under § 1226(c) where they were arrested for theft charges that were subsequently dismissed)). The court also concluded that petitioner had gained a liberty interest in his continued freedom and was entitled to due process protections as a result of respondents previously releasing him from their custody. (*Id.*) (citing *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2-5 (E.D. Cal. Nov. 21, 2025)).[1] The court incorporates that reasoning here and concludes that petitioner's re-detention on November 25, 2025, without a hearing violated petitioner's right to due process.

Courts have "broad discretion in conditioning a judgment granting habeas relief" and "are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Now that petitioner has been released from respondents' custody, the court concludes that the proper remedy under the circumstances is to require respondents to provide petitioner written notice and a hearing before a neutral adjudicator before re-detaining him. *F.R.P. v. Wamsley*, No. 3:25-cv-01917-AN, 2026 WL 482184, at *4 (D. Or. Feb. 19, 2026) (requiring respondents to provide the petitioner with notice

---

[1] In *Cajina* the court concluded that the proper remedy was to provide petitioner with a bond hearing before an immigration judge because he had been re-detained for allegedly violating the conditions of his release. (*Id.*)

2

and a pre-deprivation hearing before an immigration judge before re-detaining them where the petitioner was previously released pursuant to the court's order granting a motion for temporary restraining order).

For the reasons stated above,

1.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1), is GRANTED as follows:

   a.  Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or a flight risk by clear and convincing evidence;

   b.  Petitioner's request for attorneys' fees and costs pursuant to the Equal Justice Act and 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion; and

2.  The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3